UNION SCHOOL TOWNSHIP OF GIBSON COUNTY
*v.* SELLERS.

[No. 26,899. Filed February 1, 1938.]

M. P. Lockwood, and John W. Ballard, for appellants.

S. L. VanDeveer, Walter E. Roberts, and S. E. Roberts, for appellee.

ROLL, J.—Action by appellee to recover damages for breach of contract. Appellee entered into a written contract with appellant to teach in the township high school and to perform the duties as principal of said school for the school year 1934-1935. The contract was upon the form prescribed and furnished by the state superintendent of public instruction. The contract did not designate the particular subjects appellee was to teach. The subjects were assigned by appellee as principal of said school and the county superintendent, to the various teachers. Appellee was assigned to teach social science, mathematics and physics in said school for the school year 1934. It appears that appellee had license to act as principal and had license to teach social science and mathematics, but did not hold a proper license to teach physics. That at the time the subject of physics was assigned to appellee to teach, appellee told the county superintendent that he had had certain training in physics, but did not have a license. The superintendent said that he would secure a "permit" from the state superintendent of public instruction, and for him to go ahead and teach that subject. Appellee did so and did apply to the state superintendent of public instruction for a "permit" to teach physics. The permit was issued to appellee in December 1934, and was for the school year 1934. In January 1935, appellee was dismissed by the trustee of appellant township on the ground that appellee did not have a license to teach physics. This is

the only reason assigned by appellant for appellee's dismissal. The decisive question presented by this appeal is: whether the fact that appellee did not have a regular license to teach one of the subjects assigned to him, but secured a "permit" from the state superintendent of public instruction to teach that subject is justifiable ground to cancel appellee's contract.

Section 28-4201 Burns Ann. St. 1933, section 5912 Baldwin's Ind. St. 1934, Acts 1923, Ch. 11, §1, p. 36, provides:

> "The licensing of all superintendents, supervisors, principals, teachers, attendance officers, and of all other regular public school employees shall hereafter be vested in the state board of education."

Section 28-4204 Burns Ann. St. 1933, section 5915 Baldwin's Ind. St. 1934, Acts 1923, Ch. 11, §4, p. 36, provides:

> "All details not provided for in this act connected with the licensing of regular public school employees (the requirements as to academic and professional preparation for each kind and grade of license issued, the conversion of one kind of license into another kind, the issuing of permits to teach a high school branch related to branches for which the teacher holds a license, the accrediting of teacher-training institutions, the issuing of licenses on credentials, the exchange and renewal of licenses, the indorsement of licenses of other states, the acceptance of credentials from institutions of other states, the kind and grade of license required for given positions, the size of elementary school requiring a principal with a principal's license, etc.) shall be determined, on the recommendation of the state superintendent, by the state board of education."

From the above provision it seems clear that the issuing of a permit to appellee to teach the subject of physics, upon a proper showing, is in the control of the State Board of Education. The record shows that the

county superintendent of Gibson County made out the proper application for appellee, showing the number of accredited school hours of work had by appellee in the various subjects. Upon this showing the State Board of Education through its executive officer, the state superintendent of public instruction, issued to appellee a permit to teach the subject of physics in the public high schools of Indiana for the school year 1934. This fully completed appellee's qualifications to teach the subject of physics and appellant had no right to dismiss appellee as principal and teacher of the public school of Gibson County, Indiana, and therefore appellant breached its contract by so dismissing appellee. The determination of this question disposes of the only question presented by this appeal. No reversible error having been shown the judgment is affirmed.